**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re* DAVID JOHN KAPLAN ) <br> ) <br> DAVID JOHN KAPLAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VADONNA RIVERA et al., ) <br> ) <br> Defendants. ) <br> ) | 3:11-cv-00772-RCJ-VPC <br><br> **ORDER** |

This is a dog-bite case referred from the Bankruptcy Court. Pending before the Court is a motion to dismiss. For the reasons given herein, the Court denies the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

On March 18, 2009, Plaintiff and Debtor-in-Possession David John Kaplan was attacked by a pit bull or other similar breed of dog while stopped on the street in his car. (*See* Compl. ¶¶ 6, 8, Mar. 17, 2011, ECF No. 1-3). The dog attempted to seize his left arm and was unsuccessful only because Plaintiff twisted away violently, causing himself injury. (*Id.* ¶ 8). The dog belonged to Defendants Vadonna and Jeffrey Rivera, who resided at 7420 Lacerta Dr., Sparks, Nevada, near the scene of the attack. (*Id.* ¶¶ 6, 8). Plaintiff alleges that although Defendants knew the dog was ferocious, they negligently permitted it to roam at large without supervision. (*See id.* ¶¶ 6–7). Plaintiff alleges his injuries consisted of bruises, a cystic structure at the right L4-5 facet joint affecting the traversing right L5 nerve root and requiring surgery, and permanent

injuries to the right L4-5 facet joint itself. (*See id.* ¶ 13). Plaintiff seeks compensatory damages in excess of $100,000 for medical expenses, $26,250 for lost wages, and $250,000 for pain and suffering. (*See id.* ¶¶ 15, 17, 19).

After the incident, but before he filed the present Complaint, Kaplan petitioned the Bankruptcy Court of this District for Chapter 11 bankruptcy protection. (*See* Chapter 11 Petition, Nov. 19, 2010, ECF No. 1-2). He then filed the present related-to, non-core adversary proceeding pursuant to 28 U.S.C. § 1334(b). The Complaint lists five nominal causes of action. Only the first cause of action for violation of Washoe County Code ("WCC") sections 55.100(1) and 55.460(2)–(3), which amounts to a claim for negligence, is a cognizable cause of action. The second cause of action is a description of Plaintiff's physical injuries, and the third through fifth causes of action are lists of Plaintiff's medical bills, lost wages, and non-economic damages, respectively. In the Complaint, Plaintiff consented to final disposition by the bankruptcy judge, but in the present motion to dismiss Defendants demanded an Article III judge, so the bankruptcy judge transmitted the matter to this Court.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

1 sufficient to state a claim, the court will take all material allegations as true and construe them in
2 the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
3 Cir. 1986).  The court, however, is not required to accept as true allegations that are merely
4 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden
5 State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action
6 with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation
7 is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,
8 550 U.S. at 555).

9       "Generally, a district court may not consider any material beyond the pleadings in ruling
10 on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the
11 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner
12 & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents
13 whose contents are alleged in a complaint and whose authenticity no party questions, but which
14 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
15 motion to dismiss" without converting the motion to dismiss into a motion for summary
16 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule
17 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay
18 Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court
19 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
20 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th
21 Cir. 2001).

22 **III.    ANALYSIS**

23       The single cause of action for violations of WCC sections 55.100 and 55.460 must be
24 read as a negligence claim, with the cited sections of the WCC potentially supporting a finding
25 of negligence per se. Dog-bite claims sound in negligence. *See, e.g.*, *Harry v. Smith*, 893 P.2d

372, 375 (Nev. 1995). A prima facie claim for negligence consists of four elements: (1) duty; (2) breach; (3) causation; and (4) damages. *See Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008). Negligence per se is not a separate cause of action but a doctrine whereby the floor for the duty of care is set as a matter of law, taking away from the fact-finder the "reasonable person" determination and leaving to the fact-finder only a determination of causation and damages, in cases where: (1) the plaintiff can show that the defendant has violated a duty imposed by a criminal or regulatory statute; (2) the plaintiff is a member of the class of persons intended to be protected by the statute or regulation; and (3) the harm is of the kind intended to be prevented by the statute. *See Ashwood v. Clark Cnty.*, 930 P.2d 740, 743–44 (Nev. 1997) (citing *Sagebrush Ltd. v. Carson City*, 660 P.2d 1013, 1015 (Nev. 1983)); Restatement (Second) of Torts § 286. WCC section 55.100(1) is clear as to a dog owner's duty to restrain the animal:

> In the congested areas of the county, every person who is the owner of or has the care, custody or control of any cow, dog, goat, horse, ox, poultry, rabbits or any rodent, sheep, swine or exotic animal, has an absolute duty to keep the same upon the premises under the control of such person, restrained by a fence, cage, coop, chain, leash or other adequate means so that the animal shall not leave the premises upon which it is kept.

Washoe County Code § 55.100(1), *available at* http://www.co.washoe.nv.us/clerks/files/pdfs/county_code/Chapter055.pdf. Section 55.460 reiterates the duty:

> 1. It is unlawful for any animal, except cats, to be at large within the congested areas as designated herein.
>
> 2. It is unlawful for any animal, to endanger property, public safety, itself or any other animal.
>
> 3. A violation of subsection 1 or 2 is committed by the owner or person having custody, control or possession of the animal.

*Id.* § 55.460(1)–(3). These statutes establish an "absolute duty" to keep certain animals, including "dog[s]," restrained on one's property and make the owner or custodian liable for any damage to persons, animals, and property caused by the unrestrained animal (cats excepted).

Plaintiff alleges Defendants failed in their statutory duties to keep the dog that attacked him restrained on their property. Plaintiff has sufficiently pled a negligence claim and a negligence per se theory. Defendants argue that "it is doubtful that these ordinances supply a statutory duty of care for a claim of negligence *per se*." But establishing a statutory floor of care appears to be precisely what these statutes do. Defendants argue that because section 55.800(1) provides that any violation of Chapter 55 is a misdemeanor, the entirety of Chapter 55 is a criminal code that Plaintiffs may not privately enforce. This is true, but irrelevant. Plaintiff has not purported to charge Defendants with a misdemeanor crime and sought to have them jailed for up to six months or fined between $50 and $1000, accordingly. *See id.* § 55.800(1). He has brought a civil negligence claim, and a criminal statute can supply the floor of care under a negligence per se theory, so long as the class-of-person and class-of-harm elements of a negligence per se theory are satisfied. *See, e.g.*, *Housley v. Godinez*, 6 Cal. Rptr. 2d 111, 115–16 & n.2 (Ct. App. 1992). In fact, a criminal statute emphasizes a legislative judgment about citizens' duties to one another more forcefully than does a civil regulatory statute. Other jurisdictions have entertained the negligence per se theory specifically in the leash-law context. *See, e.g.*, *Egenreither ex rel. Egenreither v. Carter*, 23 S.W.3d 641 (Mo. Ct. App. 2000). The Nevada Supreme Court has rejected a negligence per se theory predicated upon a criminal statute preventing taverns from serving alcohol to minors, but only based upon the fact-bound rule that drinking alcohol, and not providing it, is the proximate cause of alcohol-related harm in any negligence case. *See Snyder v. Viani*, 885 P.2d 610, 612–13 (Nev. 1994). As a general matter, however, the Nevada Supreme Court does not distinguish between civil and criminal statutes for the purposes of negligence per se, so long as the statute constitutes a legislative judgment. *See Vega v. E. Courtyard Assocs.*, 24 P.3d 219, 221 (Nev. 2001) ("[W]e have consistently held that the violation of a statute constitutes negligence per se if the injured party belongs to the class of persons that the statute was intended to protect, and the injury suffered is of the type the statute

was intended to prevent."). The class-of-person and class-of-harm elements are matters for a court, not a jury, *id.* at 222, but neither party has moved for summary judgment on the negligence per se issue.

Defendants also argue that Plaintiff has made no factual allegations that could support a finding of negligence or negligence per se in this case. But Plaintiff has alleged that he was attacked in the street by Defendants' dog, which they had failed to keep on their property in violation of the ordinances. He also claims that they knew the dog was vicious, which is enough to state a negligence claim even in the absence of any statute setting a particular floor of care.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 2) is DENIED.

IT IS SO ORDERED.

Dated this 6th day of December, 2011.

_____
ROBERT C. JONES
United States District Judge