# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| *In re* DAVID JOHN KAPLAN | |
| DAVID JOHN KAPLAN, | |
| Plaintiff, | 3:11-cv-00772-RCJ-VPC |
| vs. | **ORDER** |
| VADONNA RIVERA et al., | |
| Defendants. | |

This is a dog-bite case referred from the Bankruptcy Court. Pending before the Court is Defendants' request for a jury trial. For the reasons given herein, the Court denies the motion.

## I. FACTS AND PROCEDURAL HISTORY

On March 18, 2009, Plaintiff and Debtor-in-Possession David John Kaplan was attacked by a pit bull or other similar breed of dog while stopped on the street in his car. (*See* Compl. ¶¶ 6, 8, Mar. 17, 2011, ECF No. 1-3). The dog attempted to seize his left arm and was unsuccessful only because Plaintiff twisted away violently, causing himself injury. (*Id.* ¶ 8). The dog belonged to Defendants Vadonna and Jeffrey Rivera, who resided at 7420 Lacerta Dr., Sparks, Nevada, near the scene of the attack. (*Id.* ¶¶ 6, 8). Plaintiff alleges that although Defendants knew the dog was ferocious, they negligently permitted it to roam at large without supervision. (*See id.* ¶¶ 6–7). Plaintiff alleges his injuries consisted of bruises, a cystic structure at the right L4-5 facet joint affecting the traversing right L5 nerve root and requiring surgery, and permanent injuries to the

1 right L4-5 facet joint itself. (*See id.* ¶ 13). Plaintiff seeks compensatory damages in excess of $100,000 for medical expenses, $26,250 for lost wages, and $250,000 for pain and suffering. (*See id.* ¶¶ 15, 17, 19).

After the incident, but before he filed the present Complaint, Kaplan petitioned the Bankruptcy Court of this District for Chapter 11 bankruptcy protection. (*See* Chapter 11 Petition, Nov. 19, 2010, ECF No. 1-2). He then filed the present related-to, non-core adversary proceeding pursuant to 28 U.S.C. § 1334(b). The Complaint lists five nominal causes of action. Only the first cause of action for violation of Washoe County Code ("WCC") sections 55.100(1) and 55.460(2)–(3), which amounts to a claim for negligence, is a cognizable cause of action. The second cause of action is a description of Plaintiff's physical injuries, and the third through fifth causes of action are lists of Plaintiff's medical bills, lost wages, and non-economic damages, respectively. In the Complaint, Plaintiff consented to final disposition by the bankruptcy judge, but Defendants demanded an Article III judge, so the bankruptcy judge transmitted the matter to this Court. The Court denied a motion to dismiss the negligence claim. Defendants have now moved for the Court to designate the case as a jury action.

## II. LEGAL STANDARDS

The Seventh Amendment guarantees a trial by jury in any civil action where the amount in controversy exceeds twenty dollars, *see* U.S. Const. amend. XII, but Rule 38 requires that a party entitled to a jury trial serve such a demand "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Even after a demand, the parties may waive their right to a jury trial by so stipulating. Fed. R. Civ. P. 39(a)(1). Also, a court may, upon motion, grant a jury trial despite a party's failure to timely demand one. Fed. R. Civ. P. 39(b).

## III. ANALYSIS

Plaintiff originally demanded a jury trial. (*See* Compl. 1, Mar. 17, 2011, ECF No. 1-3).

1  Defendants did not. (*See generally* Answer, Dec. 22, 2011, ECF No. 6). A Joint Case
2  Management Report ("JCMR") states that Plaintiff demanded no jury trial. (*See* JCMR 6, May
3  31, 2012, ECF No. 16). Defendants demanded a jury trial via the present motion on November
4  26, 2012. (*See* Mot., Nov. 26, 2012, ECF No. 36). Plaintiff objects. The motion was filed well
5  after the fourteen-day deadline, i.e., more than fourteen days after filing the Answer on December
6  22, 2011. The Court will not order a jury trial in its discretion. Plaintiff is correct that this would
7  increase the length of the trial.

8      Defendants argue that Plaintiff's previous demand for a jury trial cannot be withdrawn
9  without Defendants' consent. But Defendants consented to withdrawal of the jury demand via
10 the JCMR. In any case, the jury demand in the Complaint evaporated when Plaintiff filed the
11 First Amended Complaint ("FAC"). The docket from the adversary proceeding in the
12 Bankruptcy Court reveals that Plaintiff filed the FAC—which does not appear in the District
13 Court docket—with no demand for a jury trial. (*See generally* First Am. Compl., May 16, 2011,
14 ECF No. 12 in Case No. 11-ap-05030). The Answer, addressed *supra*, is in fact an answer to the
15 FAC, not the Complaint. The Answer contains no jury demand.

## CONCLUSION

17 IT IS HEREBY ORDERED that the Motion for Jury Trial (ECF No. 36) is DENIED.
18 IT IS SO ORDERED.
19 Dated this 4th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge