**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re* DAVID JOHN KAPLAN | |
| DAVID JOHN KAPLAN, | |
| Plaintiff, | |
| vs. | 3:11-cv-00772-RCJ-VPC |
| | **ORDER** |
| VADONNA RIVERA et al., | |
| Defendants. | |

This adversary proceeding arises out of a March 18, 2009 incident where a dog allegedly attacked Plaintiff, causing him to injure himself as he twisted away to avoid a bite. Pending before the Court are seven Motions in Limine (ECF Nos. 56–62). For the reasons given herein, the Court grants three of the Motions in Limine and denies four of them.

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing

Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Defendants in the '772 Case have filed seven motions in limine. First, in Motion No. 56, Defendants ask the Court to exclude any reference by Plaintiff to the Washoe County Code concerning duties to restrain animals, arguing that Plaintiff cannot show he is a member of the

class of persons the ordinances are intended to protect for the purposes of the doctrine of negligence per se. The Court denies the motion. Neither party has moved for summary judgment on this issue, and the issue is therefore for the jury. Plaintiff will have to prove the elements of negligence per se if he wishes to avoid the necessity of proving actual negligence. Those issues are for the jury. Defendant may argue jury instructions to the Court and may argue the issue to the jury.

Second, in Motion No. 57, Defendants ask the Court to prevent opposing counsel from referring to the fact that Defendants' counsel is from out of town. The Court grants the motion, as such comment in front of the jury would serve no other purpose than to prejudice the jury.

Third, in Motion No. 58, Defendants ask the Court to prevent Plaintiff and his counsel from referring to the dog at issue as "vicious" or "ferocious." The Court denies the motion. Witnesses may state their lay opinions of an animal's demeanor, and counsel may refer to evidence in the record, or expected to be put into the record, during argumentation. Defendants may counter the evidence with contrary lay opinion based upon their observation. These matters of weight of the evidence and credibility of witnesses is for the jury.

Fourth, in Motion No. 59, Defendants ask the Court to preclude Dr. James Rappaport, Plaintiff's treating physician, from offering expert opinions beyond those he developed during the course of his treatment of Plaintiff. Defendants argue that treating physicians may not give such expert opinions at trial unless an expert report has been timely disclosed, and that none were disclosed in this case. The Court agrees:

> We hold today that when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2).
>
> . . . .
>
> [A] treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment. Goodman specifically retained a number of her treating physicians to

render expert testimony beyond the scope of the treatment rendered; indeed, to form their opinions, these doctors reviewed information provided by Goodman's attorney that they hadn't reviewed during the course of treatment. For these reasons, we agree with the district court that those doctors fell outside the scope of the "treating physician" exception insofar as their additional opinions are concerned. Therefore, Rule 26(a)(2)(B) required disclosure of written reports. By failing to provide these reports until long after the deadline for plaintiff's expert disclosures had passed, Goodman failed to comply with Rule 26's disclosure requirements.

*Goodman v. Staples, The Office Superstoe, LLC*, 644 F.3d 817, 819–20, 826 (9th Cir. 2011) (footnote omitted).

Fifth, in Motion No. 60, Defendants ask the Court to preclude evidence of lost wages and earning capacity under Rule 37(c)(1), because Plaintiff omitted any such damages from the required damages calculation under Rule 26(a)(1)(A)(iii), noting only medical damages. The Court grants the motion.

Sixth, in Motion No. 61, Defendants ask the Court to preclude evidence of Defendants' liability insurance. The Court grants the motion. *See* Fed. R. Evid. 411. Such evidence will only be admissible if relevant to bias or prejudice or to a disputed issue of agency, ownership, or control. *See id.*

Seventh, in Motion No. 62, Defendants ask the Court to preclude Plaintiff from introducing evidence not produced in discovery or referring to such evidence. Defendants, however, identify no particular evidence to exclude but point to fourteen broad categories of evidence identified by Plaintiff that "potentially" include evidence not disclosed. It is not Defendants' fault that they point to no particular evidence. Their complaint is that Plaintiff has not identified particular pieces of evidence in his evidence list but only broad categories of evidence. The Court denies the motion, as it will have to entertain any such objections at trial, but Plaintiff's counsel is of course aware of his duty not to attempt to introduce evidence not disclosed where disclosure was required. The Court will not react well to attempts to introduce undisclosed evidence and any delay caused thereby.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions in Limine (ECF Nos. 56, 58, 62) are DENIED.

IT IS FURTHER ORDERED that the Motions in Limine (ECF Nos. 57, 59, 60, 61) are GRANTED.

IT IS SO ORDERED.

Dated this 6th day of August, 2013.

_____
ROBERT C. JONES
United States District Judge